IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| AARON ENTERPRISES, INC., | : | CIVIL ACTION |
| --- | --- | --- |
| *Plaintiff,* | : | |
| | : | |
| v. | : | No. 19-4854 |
| | : | |
| FEDERAL INSURANCE COMPANY, | : | |
| *Defendant.* | : | |

## OPINION

Does a contingent claim made under a surety bond present an actual case or controversy that would be subject to a declaratory judgment when the bonding company has paid all its obligations under the bond but the insured faces the potential risk that a trustee in bankruptcy might seek a refund of contractual disbursements made to the insured for work done even though the trustee has made no such request or indicated she would make such a request now or in the future?

## I. INTRODUCTION

Currently before the Court is Defendant, Federal Insurance Company's Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (ECF No. 5), Plaintiff, Aaron Enterprises, Incorporated's Response in Opposition to the Motion (ECF No. 9), Defendant's Reply (ECF No. 11), and Plaintiff's Surreply (ECF No. 12). The matter is fully briefed for consideration.

1

## II. BACKGROUND

Plaintiff initiated this action by filing a Writ of Summons in the Court of Common Pleas of Lancaster County. ECF No. 1 at 1, 7-9. Defendant filed a Praecipe for Rule to File Complaint, Plaintiff complied, and Defendant removed the case to this Court based on diversity of citizenship. *Id.*, at 1-2, 12-14. Plaintiff filed its Complaint as an Action for Declaratory Judgment pursuant to 42 Pa.C.S. § 7531 et seq. and Pa.R.C.P. 1601 seeking "a declaration that Defendant is obligated to pay Plaintiff, pursuant to a payment bond issued by Defendant, any amounts that Plaintiff might be required to return, refund, or otherwise disgorge as preferential payments under the United States Bankruptcy Code." *Id.* at 19.

Defendant's insured, Welded Construction, L.P. ("Welded"), entered into a written contract with Transcontinental Gas Pipe Line Company, LLC ("Transcontinental") to furnish "labor, supervision, materials, tools and equipment and to perform all work necessary in connection with the construction of" a new pipeline. *Id.* at 20-21. Plaintiff performed as a subcontractor for Welded and furnished "labor, material, and equipment for auger boring and related work that was necessary in the construction" of the new pipeline. *Id.* at 21. Defendant issued bond with Welded as principal and Transcontinental as obligee. *Id.*

Welded filed for bankruptcy in the United States Bankruptcy Court for the District of Delaware on October 22, 2018. *Id.* Welded paid Plaintiff approximately

2

$1,428,897.00 over nine (9) individual disbursements. *Id.* Plaintiff received all payments within ninety (90) days preceding Welded's bankruptcy filing. *Id.* Therefore, on January 16, 2019, Plaintiff made a contingent bond claim on the amounts paid within those ninety days if it was required "to return, refund, or disgorge all or any portion" of those payments. *Id.* at 22.

## III. DISCUSSION

Defendant moves to dismiss the Complaint because (1) "Plaintiff has no bond claim and any bond claim has now expired ... Plaintiff's attempt to judicially alter the statue of limitations by seeking declaratory relief must be rejected as a matter of law" and (2) "Plaintiff has failed to state a cognizable claim for declaratory relief because there is no current case or controversy as required by the Declaratory Judgment Act." ECF No. 5 at 4.

Plaintiff contends that its Complaint presents a case of actual controversy and is therefore properly before this Court. ECF No. 9 at 6. According to Plaintiff, "[t]he actual controversy in this case is that [Defendant] disputes [Plaintiff's] contention that [Defendant] is obligated to reimburse Plaintiff under the Bond, if [Plaintiff] is subsequently ordered to pay the $1,428,8[9]7 in Pre-Petition Funds back to the Bankruptcy Court." ECF No. 9 at 22. (emphasis in original).

3

A. Standard of Review

When a defendant submits a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, a court must determine whether the motion is a "facial" or "factual" attack. A facial attack considers a claim on its face and asserts that it is insufficient to invoke the subject matter jurisdiction of the court. *See Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014). "[A] facial attack calls for a district court to apply the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6), *i.e.,* construing the alleged facts in favor of the nonmoving party." *Id.* As such, a facial attack "contests the sufficiency of the pleadings." *Id.* (quoting *In re Schering Plough Corp.*, 678 F.3d 235, 243 (3d Cir. 2012)).

A factual attack "is an argument that there is no subject matter jurisdiction because the facts of the case . . . do not support the asserted jurisdiction." *Id.* A factual attack requires a factual dispute that concerns the actual failure of a plaintiff's claims to comport factually with the jurisdictional prerequisites. *Id.* (alterations in original) (internal citations omitted) (quoting *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008)).

The plaintiff bears the burden of demonstrating that the court has subject matter jurisdiction. *Schneller ex. rel. Schneller v. Crozer Chester Med. Ctr.*, 387 F.

App'x 289, 292 (3d Cir. 2010) (citing *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993)). Here, the Defendant has made a facial attack.

B. Declaratory Judgment

The Declaratory Judgment Act (the "Act") gives federal courts "unique and substantial discretion in deciding to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995) (quoting *Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 241 (1952)). The Act requires a "case of actual controversy" between the parties before a federal court may exercise jurisdiction. 28 U.S.C. § 2201. "It is settled law that, as a procedural remedy, the federal rules respecting declaratory judgment actions, apply in diversity cases" and "the question of justiciability is a federal issue to be determined by federal law." *Fed. Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 352 (3d. Cir. 1986). The Supreme Court, in *MedImmune, Inc. v. Genentech, Inc.*, instructed courts to ask, "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." 549 U.S. 118, 127 (2007). That language is a specific reference to the types of cases and controversies that are justiciable under Article III of the Constitution. *Id.*

Basic justiciability requires that each case decided by federal courts be a "case or controversy," i.e., an action which by its nature is concrete and ripe.

5

U.S.C.A. Const. Art. 3, § 2, cl. 1.; *See Mkt. St. Sec., Inc. v. NASDAQ OMX PHLX LLC*, 900 F. Supp. 2d 529, 532 (E.D. Pa. 2012) (a justiciable case or controversy exists when it is ripe for review) (citing *Artway v. Attorney Gen.*, 81 F.3d 1235, 1246-47 (3d. Cir. 1996)). A declaratory judgment is only available for concrete cases that require an immediate and definite determination of the rights of the parties. *Welding Engineers Ltd. v. NFM/Welding Engineers, Inc.*, 352 F.Supp.3d 416, 432 (E.D. Pa. 2018) (citing *Pub. Serv. Comm'n of Utah v. Wycoff Co., Inc.*, 344 U.S. 237, 244 (1952)). If a claim is contingent on future events that may not occur, then it is not ripe. *Wyatt v. Virgin Islands, Inc.*, 385 F.3d 801, 805 (3d Cir. 2004) (citing *Texas v. United States*, 523 U.S. 296, 300 (1998)).

The Third Circuit uses a three-part test to determine whether an action for declaratory judgment is ripe: "(1) the parties must have adverse legal interests; (2) the facts must be sufficiently concrete to allow for a conclusive legal judgment, and (3) the judgment must be useful to the parties." *Surrick v. Killion*, 449 F.3d 520, 527 (3d Cir. 2006) (citing *Step–Saver Data Systems, Inc. v. Wyse Tech.*, 912 F.2d 643, 647 (3d Cir. 1990)).

Applying the test to the present case, Plaintiff's claim is not ripe for declaratory judgment and, alternatively, this Court cannot decide an anticipatory legal issue in an action that is not pending without violating its limited jurisdiction

6

under Article III of the Constitution. Plaintiff's Complaint seeks an advisory opinion regarding an affirmative defense in potentially separate litigation.

*Adversity of Interests*. First, there is no adversity of interests between the parties that requires an immediate and definite determination of their rights. According to the Third Circuit, there must be a "substantial threat of real harm and that the threat must remain 'real and immediate' throughout the course of the litigation." *Presbytery of New Jersey of Orthodox Presbyterian Church v. Florio*, 40 F.3d 1454, 1463 (3d Cir. 1994) (quoting *Salvation Army v. Department of Community Affairs*, 919 F.2d 183, 192 (3d Cir.1990)). Adversity is assessed by asking "[w]hether the claim involves uncertain and contingent events or presents a real and substantial threat of harm." *Wayne Land & Mineral Grp. LLC v. Delaware River Basin Comm'n*, 894 F.3d 509, 523 (3d Cir. 2018) (citing *Surrick v. Killion*, 449 F.3d 520, 527 (3d Cir. 2006) (citation omitted)).

Because Plaintiff's claim depends on a future, contingent scenario that is far from immediate in nature and, in fact, may never materialize as such, it cannot pass part one of the Third Circuit's three-part test. *See Welding Engineers Ltd. v. NFM/Welding Engineers, Inc.*, 352 F. Supp. 3d 416, 432 (E.D. Pa. 2018) (citing *Wyatt v. Virgin Islands, Inc.*, 385 F.3d 801, 806 (3d Cir. 2004) ("A dispute is not ripe if it rests on contingent future events that may not occur as anticipated, or even at all."). Here, Plaintiff admits that an adversity of interests remains uncertain

7

because it depends on Welded's bankruptcy proceeding. According to Plaintiff, "this case would be tied to a directive that may or may not be issued by the Bankruptcy Court." ECF No. 9 at 20. Plaintiff asserts for its cause of action to accrue it must receive an order requiring it return, refund or otherwise disgorge the $1,428,897.00, which is "pending the outcome of any Avoidance Action." ECF No. 1 at 23. Therefore, this matter, as pled, is not ripe for this Court's intervention.

*Conclusiveness.* Next, in addition to retaining adverse interests throughout the litigation, the dispute must be based on a "real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Step–Saver,* 912 F.2d at 649 (quoting *Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 241 (1937)). Presently, Defendant has fulfilled its obligations to Plaintiff. As discussed above, any breach is contingent on the outcome of Welded's bankruptcy proceeding.

Here, several hypothetical scenarios exist, including the trustee in bankruptcy not seeking preference at all. If she does, that proceeding may be decided several different ways (e.g. settlement, trial, appeal). Moreover, at this stage, according to Plaintiff, "[w]here the parties disagree is the point from which the one-year period [in reference to Plaintiff's bond claim] is measured." ECF No. 9 at 16. Plaintiff admits that "the 'wrong' will not have occurred until [it] is

8

directed to return the $1,428,897.00." *Id.* at 19. Plaintiff is anticipating that the trustee files an avoidance action, Plaintiff unsuccessfully defends the action, and the bankruptcy court orders Plaintiff to refund the payments, in which case Plaintiff then files a breach of contract action against Defendant, wherein Plaintiff anticipates Defendant will raise a statute of limitations defense.

Plaintiff is attempting to fast forward one sequence of events so this Court may interpret the contract at issue. In doing so, a judgment from this Court would be strictly advisory. It will not conclude the matter and the judgment, itself, would be a contingency. *See Armstrong World Indus., Inc. by Wolfson v. Adams*, 961 F.2d 405, 412 (3d Cir. 1992) (quoting *Step–Saver,* 912 F.2d at 648) ("A declaratory judgment granted in the absence of a concrete set of facts would itself be a 'contingency,' and applying it to actual controversies which subsequently arise would be an 'exercise in futility.'").

*Utility.* Lastly, a court must be convinced that its action would serve a useful purpose. *Step–Saver*, 912 F.2d at 649; *see also Presbytery of New Jersey of Orthodox Presbyterian Church v. Florio*, 40 F.3d 1454, 1464 (3d Cir. 1994). A judgment should "affect the parties' plans of actions by alleviating legal uncertainty." *Surrick*, 449 F.3d at 529. Utility is served when the judgment would "materially affect the parties and serve ... [to] clarify [ ] legal relationships so that plaintiffs ... [can] make responsible decisions about the future." *Wayne Land &*

*Mineral Grp. LLC v. Delaware River Basin Comm'n*, 894 F.3d 509, 524 (3d Cir. 2018) (quoting *Surrick*, 449 F.3d at 529). Here, a decision will not affect the parties' present legal status, and it will not remove legal uncertainty.

Plaintiff makes clear what legal action it is certain to take in the event it is ordered to return the $1,428,897.00 – it will file a breach of contract action. Under the present facts, Plaintiff admits that it cannot, in good-faith, file such claim because it

> cannot allege any formal 'breach' until Plaintiff learns of the existence of an avoidance action targeting the [payments] and of the resulting outcome. Hence in the Complaint, Plaintiff is seeking relief from the Court for a declaration that Defendant must pay Aaron *if* Plaintiff is ordered to return, refund, or otherwise disgorge the pre-petition funds in an avoidance action." ECF No. 9 at 20. (emphasis in original).

If necessary, Plaintiff will file a breach of contract action against the Defendant upon receiving such an order from the bankruptcy court. Therefore, there is no uncertainty for this Court to remove. If concrete facts materialize in the future, Plaintiff is certain to act, and both parties are aware of what to expect.

Plaintiff is anticipating a statute of limitations defense to a claim it threatens to bring in the future. As pled, Plaintiff filed the instant action "simply to protect its rights under the bond ... *should it* be required to return, refund, or disgorge al or any portion of the [payments]." ECF No. 1 at 24. (emphasis added). There is no immunization for avoidance actions. Like any debtor, Plaintiff must defend the bankruptcy trustee's actions. And, further, the parties must litigate a statute of

10

limitations issue as part of a breach of contract proceeding rather than as a declaratory judgment action. Such a ruling would not resolve the underlying dispute, if one materialized, and, according to the Supreme Court, it is outside this Court's jurisdiction to do so. *See Calderon v. Ashmus*, 523 U.S. 740 (1998). Thus, a ruling from this Court would serve no utility because Plaintiff will proceed in same manner whether or not it is granted declaratory judgment.

## IV. CONCLUSION

For the reasons stated above, the instant action does not present a justiciable case and controversy under Article III; therefore, this Court does not have subject matter jurisdiction to hear this matter. Accordingly, Defendants' Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) is granted and Plaintiff's Complaint is dismissed against the Defendant.

BY THE COURT:

Dated: 12-13-2019

_____
CHAD F. KENNEY, JUDGE